IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | EP-13-CV-0032-KC |
| § | |
| JAMES MICHAEL ARMSTRONG, § | |
| § | |
| Defendant. § | |

## ORDER

On this day, the Court considered Defendant James Michael Armstrong's Motion to Dismiss, ECF No. 9, and his Supplemental Motion to Dismiss, ECF No 16.[1] For reasons set forth below, both the Motion to Dismiss and the Supplemental Motion to Dismiss are **DENIED**.

I.  BACKGROUND

On February 4, 2013, Plaintiffs Broadcast Music, Inc., et al. ("Plaintiffs") filed a Complaint against Defendant James Michael Armstrong ("Defendant") for unauthorized public performances of musical compositions. *See* Verified Compl. ("Original Complaint") ¶¶ 3-22, ECF No. 1. In their Complaint, Plaintiffs allege that Defendant is liable for copyright infringements that occurred at an establishment under his control. *Id.* ¶ 22. To support this claim, Plaintiffs allege that Defendant had an ownership interest in the limited partnership, Three Legged Monkey, LP ("TLM") and that TLM operated an establishment that was similarly named the Three Legged Monkey (the "Establishment"). *Id.* Although TLM has filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, Plaintiffs maintain that

---

[1] Because Defendant's Motion to Dismiss and Supplemental Motion to Dismiss are based upon the same causes of action and largely the same arguments, the Court primarily cites to Defendant's Supplemental Motion to Dismiss.

1

Defendant is liable for unauthorized public performances of musical compositions that occurred at the Establishment because he had the right and ability to supervise TLM's activities and a direct financial interest in both TLM and the Establishment. *See id.* Plaintiffs seek statutory damages and injunctive relief. *Id.* ¶ 30.

On April 30, 2013, Defendant filed his Motion to Dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Mot. to Dismiss ¶¶ 3-14. On May 16, 2013, Plaintiffs filed their Response, in which they contend that their suit should proceed and that Defendant's Motion to Dismiss should be denied. *See* Resp. ¶¶ 7-14, ECF No. 10. Then, on May 23, 2013, Defendant filed his timely Reply. Def.'s Reply ("Reply") 6, ECF No. 11. Next, on June 11, 2013, Plaintiffs amended their complaint. Pls.' First Am. Verified Compl. ("Amended Complaint") 8, ECF No. 15. In their Amended Complaint, Plaintiffs clarify and incorporate their claims against Defendant for direct, vicarious, and contributory infringement. *See id.* ¶ 6. Then, on June 21, 2013, Defendant filed his Supplemental Motion to Dismiss, in which he reasserts and clarifies his position that Plaintiffs' Amended Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Supplemental Mot. to Dismiss ¶¶ 3, 16. Finally, on July 6, 2013, Plaintiffs' filed their Response to Defendant's Supplemental Motion to Dismiss ("Supplemental Response") 13, ECF No. 17.

## II.   DISCUSSION

Defendant moves to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Supplemental Mot. to Dismiss ¶¶ 3-16. Under Rule 12(b)(6), Defendant contends that dismissal is proper because the facts alleged in Plaintiffs' Amended Complaint do not support a claim for copyright infringement against him as an individual. *Id.* ¶ 16. Under Rule 12(b)(7), Defendant argues that dismissal is proper because

TLM is a required and indispensible party that cannot be joined. *Id.* ¶¶ 3-15. It is the impossibility of joinder that would require dismissal under Rule 12(b)(7). *See id.* Plaintiffs counter that dismissal is not proper under Rule 12(b)(7) because they were not required to join TLM under Rule 19. Supplemental Resp. ¶¶ 7-17.

### A. Standards

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain detailed factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Rule 12(b)(7) provides for dismissal of a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Haug v. Dependable Auto Shippers, Inc.*, 3:09-CV-1279-L, 2010 WL 669756, at *2 (N.D. Tex. Feb. 25, 2010) (quoting *Wingate*, 327 F.3d at 438). "It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Ameriprise Fin., Inc. v. Bailey*, 3:12-CV-04290-P, 2013 WL 1947475, at *2 (N.D. Tex. May 13, 2013) (quoting *Wingate,* 327 F.3d at 438).

To decide a Rule 19 challenge, the court applies a two-step inquiry. *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). First, the court determines whether an absent party should be joined to the lawsuit under Rule 19(a). *Id*. The party advocating joinder has the initial burden of demonstrating that an absent party is required, and if "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*. (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). If the court determines that an absent party is required under Rule 19(a) but cannot be joined, the court turns to Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id*. at 633 (quoting Fed. R. Civ. P. 19(b)). Finally, in its joinder analysis, the court accepts the allegations in the complaint as true. *See, e.g.*, *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, H-11-CV-1846, 2012 WL 1038658, at *2 (S.D. Tex. Mar. 27, 2012).

### B.   Analysis

Defendant argues that Plaintiffs' suit should be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  *See* Supplemental Mot. to Dismiss ¶¶ 3, 16.  For both of these contentions, the central premise of Defendant's argument is that he is not the correct party to defend Plaintiffs' suit because Plaintiffs' allegations are directed against TLM.  *See id*. ¶¶ 3-16.

#### 1.   Defendant's Motion to Dismiss under Rule 12(b)(6)

Defendant argues that Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because the Amended Complaint references the incorrect defendant.  *Id*. ¶ 16.  Specifically, Defendant asserts that Plaintiffs failed to state a claim against him as an individual because their claims are for direct copyright infringement by TLM.  *Id*.  To support this position, Defendant points to the fact that although Plaintiffs do not name TLM as a defendant in this case, Plaintiffs mistakenly refer to TLM as "Defendant Three Legged Monkey" in portions of their Original Complaint.  *See* Reply ¶ 4 (citing Original Compl. ¶ 22).

"[A] corporate officer is jointly and severally liable with the corporation for copyright infringement [if] the officer has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."  *Broad. Music, Inc. v. Hobi, Inc.*, 20 F.3d 1171, at *2 (5th Cir. Apr. 8, 1994); *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997) (same); *Merrill v. Bill Miller's Bar-B-Q Enters., Inc.*, 688 F. Supp. 1172, 1175 (W.D. Tex. 1988) (same).  Where liability is joint and several, a plaintiff may sue one or more of the joint tortfeasors at its discretion.  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); *Humble Oil & Ref. Co. v. Harang*, 262 F. Supp. 39, 46 (E.D. La. 1966); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000).

Here, Defendant's 12(b)(6) motion fails because Plaintiffs have pleaded sufficient facts to support a claim against Defendant as a joint tortfeasor with TLM in his capacity as its corporate officer. Plaintiffs allege that Defendant was a corporate officer with the right and ability to control the unauthorized musical performances that occurred at the Establishment because he had primary responsibility for the operation and management of both TLM and the Establishment and oversaw the Establishment's daily operations, including the selection of the music played. *See* Am. Compl. ¶¶ 22, 29. Plaintiffs further contend that Defendant had a direct financial interest in the infringing performances because he had an ownership interest in both TLM and the Establishment. *Id.* Because it is alleged that Defendant had the right and ability to supervise the infringing performances and a direct financial interest in the Establishment's success, he would be jointly and severally liable for the infringing performances that occurred at the Establishment. *See Hobi,* 20 F.3d 1171 at *2; *Merrill*, 688 F. Supp. at 1175. Because Defendant is jointly and severally liable for the alleged infringements, Plaintiffs did not fail to name a correct defendant when they named Armstrong as Defendant and not TLM. *See Temple*, 498 U.S. at 7; *Humble Oil*, 262 F. Supp. at 46. Therefore, Plaintiffs have alleged sufficient facts to support a claim against Defendant as a joint tortfeasor. *See Twombly*, 550 U.S. at 555.

Further, Plaintiffs' mistaken references to "Defendant Three Legged Monkey" in their Original Complaint do not constitute evidence that Defendant is not a correct defendant. *See* Reply ¶ 4 (arguing that this is grounds for dismissal under Rule 12(b)(6)). Plaintiffs' Amended Complaint corrects the mistaken references that appear in its Original Complaint. *See* Am. Compl. ¶¶ 23-30. Moreover, even if the Court were to consider only the Original Complaint, the result would not change. Given the direction and context of Plaintiffs' claims in the Original Complaint, it is clear that Defendant Armstrong is the only Defendant in Plaintiffs' suit. *See*

6

Original Compl. ¶¶ 23-30; *see also Mendoza v. El Paso Cnty.*, EP-11-CV-0221-KC, 2012 WL 1952278, at *17 n.8 (W.D. Tex. May 30, 2012) (reading a complaint in context to forgive a clear typographical mistake).

Therefore, because Plaintiffs have sufficiently pleaded a claim for copyright infringement against Defendant under the theory of joint and several liability, dismissal under Rule 12(b)(6) is not proper. *See Twombly*, 550 U.S. at 555.

### 2. Defendant's Motion to Dismiss under Rule 12(b)(7)

Defendant also moves to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(7). This challenge is based on the premise that joinder of TLM is required under Rule 19(a). *See* Supplemental Mot. to Dismiss ¶¶ 3-15. To support this assertion, Defendant provides three arguments: (1) complete relief cannot be accorded to Plaintiffs without joining TLM; (2) TLM has an interest in defending against Plaintiffs' allegations and in ensuring any damages are administered as part of its pending bankruptcy proceedings; and (3) a judgment without TLM subjects existing parties to multiple or inconsistent obligations. *See id.*

Each of Defendant's three arguments corresponds to a distinct branch of Rule 19(a)(1). Under Rule 19(a)(1), a person that is subject to process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

#### a. Complete relief

Defendant argues that TLM is a required party under Rule 19(a)(1)(A) because in its absence, complete relief cannot be afforded to Plaintiffs.  Supplemental Mot. to Dismiss ¶ 10.  Specifically, because Plaintiffs seek injunctive relief, in addition to monetary damages, Defendant contends that complete relief is not possible without joining TLM.  *See id.*  According to Defendant, no form of injunctive relief could achieve Plaintiffs' objective of protecting its copyrights against further infringement because, as an absent party, TLM could not be bound by an injunction.  *See id.*  Plaintiffs respond that they can achieve meaningful relief through Defendant because he "can exercise control over [TLM] and ensure its future compliance."  Supplemental Resp. ¶ 15.

Joinder of an absent party is required if its absence prevents the court from according complete relief among the existing parties.  Fed. R. Civ. P. 19(a)(1)(A).  Rule 19(a)(1)(A) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court."  *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, 1:07-CV-00111, 2008 WL 5191934, at *3 (S.D. Tex. Dec. 8, 2008) (quoting Fed. R. Civ. P. 19 Advisory Committee Note).

With regard to damages, complete relief is possible if the full amount of damages sought can be collected from a defendant.  *See Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *Pulitzer*, 784 F.2d at 1309.  The absence of a joint and several tortfeasor generally does not affect the completeness of monetary relief because a defendant is jointly and severally liable for the full amount of the damages sought.  *See James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001) ("Indisputably, in this suit for money damages, whatever amount, if any, that is awarded will be complete as between Plaintiff and [the defendant].").

With regard to an injunction, complete relief is possible if an injunction can be crafted that would constitute meaningful relief. *United States v. Rutherford Oil Corp.*, CIV.A. G-08-0231, 2009 WL 1351794, at *2 (S.D. Tex. May 13, 2009) (considering whether an injunction constituted complete relief and explaining that "[t]he issue is whether a court may order 'meaningful' relief"); *see also Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, CIV.A.3:08-CV-0546-D, 2008 WL 5191935, at *9 (N.D. Tex. Dec. 11, 2008) (holding that an injunction rendered complete relief where that relief would not be "meaningless or hollow").

Plaintiffs can obtain complete relief as contemplated by Rule 19(a)(1)(A) because failing to join TLM does not prevent Plaintiffs from achieving the objectives of their suit. *See Rutherford*, 2009 WL 1351794, at *2. Plaintiffs seek both statutory damages and injunctive relief. Am. Compl. 6-7. There is no doubt that Plaintiffs can obtain the full amount of statutory damages from Defendant because if he is liable, his liability is joint and several for the full amount of the statutory damages sought. *See, e.g.*, *Hobi,* 20 F.3d 1171 at *2; *Nottingham*, 811 F.2d at 880. In addition, an injunction against Defendant would provide Plaintiffs with meaningful relief because Defendant allegedly "can control the type of music played at the Establishment" and therefore prevent future infringement. *See* Am. Compl. ¶ 22. Thus, an injunction against Defendant would not be meaningless or hollow in that it would prevent further infringing performances from occurring at the Establishment. *See Project*, 2008 WL 5191935, at *9; *see also Rutherford*, 2009 WL 1351794, at *2. Because Plaintiffs can achieve both objectives of their suit, they can obtain meaningful relief from Defendant without joining TLM. *See Cardinal Health Solutions*, 2008 WL 5191934, at *3.

Thus, failing to join TLM to this suit would not prevent Plaintiffs from obtaining complete relief and therefore joinder of TLM is not required under Rule 19(a)(1)(A).  *See id.*

### b.   Interest in the subject matter

Second, Defendant argues that TLM is a required party under Rule 19(a)(1)(B)(i) because it has an interest in the subject matter of this action.  According to Defendant, TLM has an interest in defending itself against Plaintiffs' claims and an interest in ensuring that any potential damages are administered as part of its pending bankruptcy proceedings.  *See* Supplemental Mot. to Dismiss ¶ 11.  Plaintiffs argue that TLM's interest in this matter is identical to Defendant's interest.  Supplemental Resp. ¶ 17.

Joinder of an absent party is required under Rule 19(a)(1)(B)(i) if the absent party has an interest relating to the subject of the action and as a practical matter that interest might be impaired or impeded if the case were resolved in its absence.  Fed. R. Civ. P. 19(a)(1)(B)(i); *Rutherford*, 2009 WL 1351794, at *1.  This determination concerns the effects the litigation would have upon the absent party.  *Dore Energy Corp. v. Prospective Inv. & Trading Co.*, *Ltd.*, 2:05CV1657, 2008 WL 152119, at *2 (W.D. La. Jan. 4, 2008).  Despite this concern, "Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way."  *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988).  "[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors."  *Nottingham*, 811 F.2d at 880.  Nor does it require the joinder of absent persons "against whom [defendants] have a claim for contribution."  *Id.*  A speculative financial stake, such as a claim for contribution, does not qualify for protection under Rule 19(a) because the absent party's interest must be "more than a financial stake, and more than speculation about a future event."  *See Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, --- F. Supp. 2d ----, 3:10-CV-2506-D, 2013 WL 81485, at *7

(N.D. Tex. Jan. 8, 2013) (quoting *Cachil Dehe Band of Wintun Indians v. Cal.*, 547 F.3d 962, 970 (9th Cir. 2008)).

In addition, the fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action. *See Inmobiliaria Axial, S.A. de C.V. v. Robles Int'l Servs., Inc.*, EP-07-CA-00269KC, 2007 WL 2973483, at *4 (W.D. Tex. Oct. 11, 2007) (weighing the fact that the absent party did not seek to join the action and that only the existing defendant advocated joinder against the claim that the absent party had an interest in the action); *Grand Acadian, Inc. v. Flour Corp.*, 2:07 CV 295, 2008 WL 408874, at *2-3 (W.D. La. Feb. 12, 2008) ("It is apparent that the [absent party] is not a necessary party . . . because [it] has not asserted its interest.").

The speculative financial interests that Defendant cites do not qualify for protection under Rule 19(a)(1)(B)(i). *See Nottingham*, 811 F.2d at 880; *Conceal City*, 2013 WL 81485, at *7. First, TLM's status as a possible joint tortfeasor does not qualify TLM for protection under Rule 19. *See Nottingham*, 811 F.2d at 880 (explaining that joint tortfeasors are not required parties under Rule 19). Second, TLM's interest is merely financial. *See Conceal City*, 2013 WL 81485, at *7 (explaining the interest must be "more than a financial stake"). Moreover, TLM's interest in avoiding damages is purely speculative because it is unclear whether Plaintiffs will succeed in their suit. *See id.* (finding that a potential joint tortfeasor did not have a protected interest under Rule 19 where an adverse ruling could be attributed to him in a future action because "[t]his possible future harm . . . is not the type of 'interest' contemplated under Rule 19(a)(1)(B)"). Third, the fact that TLM does not seek joinder of its own volition further indicates that it lacks an interest relating to the subject matter of this suit. *See Inmobiliaria*, 2007 WL 2973483, at *4. Because the only interest TLM asserts in this suit stems from a speculative financial liability, it

does not have an interest in this action as contemplated by Rule 19(a). *See Conceal City*, 2013 WL 81485, at *7; *Nottingham*, 811 F.2d at 880.

Thus, failing to join TLM to this suit would not impair or impede any interest that TLM might have in the present matter and joinder of TLM is not required under Rule 19(a)(1)(B)(i). *See Nottingham*, 811 F.2d at 880.

### c. Multiple obligations and inconsistent relief

Third, Defendant contends that TLM is a required party under Rule 19(a)(1)(B)(ii) because failing to join TLM would subject all parties to the possibility of multiple obligations or inconsistent relief. *See* Supplemental Mot. to Dismiss ¶ 12. According to Defendant, TLM will be subject to multiple and inconsistent obligations if it is not joined because it will not able to defend itself against Plaintiffs' claims. *Id*. Further, Defendant alleges that he faces multiple and inconsistent obligations if TLM is not joined because Plaintiffs' claims are properly directed against TLM. *Id*. Plaintiffs, meanwhile, note that "since Armstrong's interests are compatible with Three Legged Monkey L.P., Three Legged Monkey will not suffer any prejudice in its absence, and there will be no substantial risk of inconsistent or multiple obligations." Supplemental Resp. ¶ 17.

Joinder of an absent party is required under Rule 19(a)(1)(B)(ii) if its absence subjects an existing party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii). "It is the threat of inconsistent obligations . . . that is the concern of Federal Rule 19(a)." *Inmobiliaria*, 2007 WL 2973483, at *6 (citing *Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982)). Inconsistent obligations occur when an *existing* party cannot comply with one court's order without breaching the order of another court that pertains to the same incident. *Id*. (citing *Delgado v. Plaza Las Americas,*

*Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)); *see James*, 159 F. Supp. 2d at 551 ("This portion of Rule 19 is simply not concerned with non-parties."). Further, a joint tortfeasor cannot be subjected to multiple obligations stemming from the same case because his liability is joint and several for the entire amount. *See James*, 159 F. Supp. 2d at 551-52; *Barnsco, Inc. v. Cont'l Cas. Co.*, 3-04-CR-2017-R, 2005 WL 1869650, at *2 (N.D. Tex. Aug. 8, 2005).

Defendant is incorrect when he states that failing to join TLM would subject an existing party to multiple inconsistent obligations under Rule 19(a)(1)(B)(ii). First, Defendant's claims regarding TLM are not relevant to this portion of Rule 19(a) because TLM is not an existing party. *See James*, 159 F. Supp. 2d at 551. Turning to Defendant—the existing party in this case—it is clear that he cannot face multiple obligations in this case because his potential liability is joint and several. *See id.* at 552. Nor is Defendant likely to face inconsistent obligations arising from this case because there is no reason to believe that enjoining Defendant from further copyright infringements could conceivably conflict with an order from another court.[2] *See Inmobiliaria*, 2007 WL 2973483, at *6. Accordingly joinder of TLM is not required under Rule 19(a)(1)(B)(ii). *See Boone*, 682 F.2d at 554.

In summary, Defendant has failed to demonstrate that joinder of TLM is required under any of Rule 19(a)'s three branches. First, failing to join TLM does not prevent Plaintiffs from obtaining complete relief. Second, TLM does not have a protectable interest in Plaintiffs' suit. Third, TLM's absence does not subject an existing party to multiple obligations or inconsistent relief. Therefore, because TLM is not a required party under Rule 19(a), the Court does not

---

[2] If Defendant prevails, Plaintiffs' copyright infringement claims will be dismissed and there will be no obligation stemming from this case. If Plaintiffs prevail, Defendant may be enjoined and ordered to pay statutory damages. Neither of these would conflict with the order of another court because TLM, not Defendant, is subject to the bankruptcy proceedings. *See* Supplemental Mot. Dismiss ¶ 12.

address Defendant's argument that TLM is an indispensible party under Rule 19(b). *See Hood*, 570 F.3d at 628.[3]

## III. CONCLUSION

For the reasons stated above, both Defendant's Motion to Dismiss, ECF No. 9, and his Supplemental Motion to Dismiss, ECF No. 16, are **DENIED**.

    **SO ORDERED**.

SIGNED this 24th day of July, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, because the Court finds that joinder of TLM is not required, the Court does not consider whether TLM is subject to service of process or whether joining TLM might deprive the Court of subject matter jurisdiction.